# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                              Criminal Case No: 2:12cr35

TIFFANY ROACH,
        Defendant.

## OPINION/ ORDER CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Tiffany Roach, in person and by counsel, Katy J. Cimino, appeared before me on December 14, 2012. The Government appeared by Zelda Wesley, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath, and then asking what Defendant's anticipated plea would be. The Court determined that Defendant would enter a plea of "Guilty" to a One-Count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement and asked counsel for the Government to summarize the written Plea Agreement. Defendant then stated that the Government's summary of the Plea Agreement as amended was correct. The Court ORDERED the written Plea Agreement filed.

The Court next inquired of Defendant regarding her understanding of her right to have an Article III Judge hear and accept her plea and her willingness to waive that right, and instead have a Magistrate Judge hear and accept her plea. Thereupon, the Court inquired of Defendant concerning her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea

Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Tiffany Roach, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned then reviewed with Defendant the One-Count Information charging her with aiding and abetting in a false statement in acquisition of a firearm, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

The Court continued with the proceeding by inquiring of Defendant relative to her knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment. After which Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable

and voluntary execution of the written plea bargain agreement signed by her on November 15, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Judge had an opportunity to review the subject Order, as well as the pre-sentence investigation report, would the District Judge make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the One-Count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the One-Count Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to no more than three (3) years of supervised release;

understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court may require her to pay the costs of her incarceration and supervised release. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appeal rights as contained in her written plea agreement as follows:

Ct: Did you and Ms. Cimino discuss and do you understand from that discussion that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals within 14 days of sentencing?

Def: Yes.

Ct: Did you and your lawyer discuss and did you understand from that discussion that you may collaterally attack or challenge your sentence and how it was calculated by filing a motion under 28 USC section 2255, commonly called a habeas corpus motion?

Def: Yes.

Ct: Did you understand that under paragraph 10 of your written plea agreement if the District Judge imposes an actual sentence which is equal to a guideline-calculated sentence that has a base offense level of 14 or lower, then you give up your right to directly appeal that sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence using a habeas motion?

Def: Yes.

Through this colloquy the Court determined Defendant understood her appeal rights and

voluntarily gave them up pursuant to condition contained in the written plea agreement.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Judge had an opportunity to review the pre-sentence investigation report, would the District Judge adjudicate the Defendant guilty of the felony offense contained in the Information and make a determination as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with any of the recommendations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath

concerning all matters mentioned in Rule 11. Thereupon, Defendant, Tiffany Roach, with the consent of her counsel, Katy J. Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

The Court then received the sworn testimony of ATF Special Agent Ella Snyder, who was involved in the investigation of Defendant and Lawan Gaddy, who is charged with the same offense in a separate Information. On September 20, 2011, Defendant and Gaddy, who were boyfriend and girlfriend, entered McCall's Pawn Shop in Lewis County, West Virginia. McCall's is a federally licensed firearms dealer. On that date Defendant purchased a Hi Point 40 caliber pistol. She provided a false statement on a federal form, stating that she was the actual transferee/buyer, when she admitted later the gun was actually for Gaddy. Gaddy is a prohibited person, who would have been unable to purchase the gun. Both Defendant and Gaddy were aware he was prohibited. Gaddy later said that the gun, with ammo, cost about $375.00.

Defendant then stated she heard, understood, and did not disagree with Special Agent Snyder's testimony. From the testimony of SA Snyder, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood her right to proceed by Indictment and freely and voluntarily waived that right and elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty; Defendant

made a knowing and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by the testimony of Special Agent Snyder, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the Information and recommends she be adjudged guilty on said charge as contained in the Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to an order setting conditions of release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

It is so **ORDERED**.

ENTER: December 17, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE